UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BMO HARRIS BANK, N.A.**                                                    **PLAINTIFF**

vs.                              CASE NO. 4:22CV1237 JM

**R. CARTAGE, INC., and CHARLES
TRUESDAIL**                                                                 **DEFENDANTS**

## ORDER

Pending is Plaintiff BMO Harris Bank, N.A.'s motion for summary judgment against separate defendant, Charles Truesdail. (Docket # 15). Mr. Truesdail has not responded, and the time to do so has passed. For the reasons set forth herein, the motion is GRANTED.

### Findings of Fact

On or about January 11, 2022 R. Cartage Inc. ("RCI") entered into a Loan & Security Agreement ("Agreement") with BMO Haris Bank, N.A. ("BHB") in the total amount of $508,986.24 for the purchase of certain equipment ("Equipment"). Pursuant to the Agreement, RCI agreed to make monthly payments in the amount of $10,603.88 for the purchase beginning on or about March 1, 2022 for a term of 48 months. Pursuant to paragraph 5.1 of the Agreement, entitled "Events of Default", RCI would be in default under the loan if "Debtor" failed to pay when due any amount owed by it to BHB under the Agreement. Pursuant to paragraph 5.2 of the Agreement, entitled "Remedies," upon default, BHB could "declare the indebtedness hereunder to be immediately due and payable."

On or about January 11, 2022, Mr. Truesdail executed a Continuing Guaranty (the "Guaranty"). Pursuant to the Guaranty, Mr. Truesdail agreed to the prompt payment and performance of all obligations, liabilities and undertakings of RCI to BHB. Mr. Truesdail entered

into a valid written contract with BHB to induce BHB to extend credit to RCI, whereby he personally guaranteed RCI's prompt payment of all amounts owed to BHB, including all of RCI's then-existing and future obligations, debts and liabilities to BHB. Moreover, by executing the Guaranty, Mr. Truesdail guarantied the repayment of all amounts due under the Agreement and expressly agreed, and is obligated, to pay BHB's reasonable attorney fees and cost of any action instituted upon RCI's default.

On or about October 1, 2022, RCI defaulted under the terms of the Agreement by failing to make the minimum monthly payment. Mr. Truesdail defaulted on his contractual obligations by failing to pay said amount upon RCI's default. As a result of Mr. Truesdail's default, BHB has sustained damages in the amount of $368,882.66, plus BHB's attorneys' fees, legal expenses, and other costs.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).

Pursuant to Federal Rule of Civil Procedure 56(e) if a party fails to respond to another party's assertion of fact, or, as in this case, not respond to any of the assertions presented in the motion for summary judgment and accompanying filings, the court may consider the facts undisputed or may "grant summary judgment if ... the movant is entitled to it [.]" Fed. R. Civ. P. 56(e). Under the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, "[a]ll material facts set forth in the statement [of undisputed material facts] filed by the moving party ... shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1(c).

Discussion

Based upon the undisputed facts set forth in the Plaintiff's statement of undisputed facts, ECF No. 15-2, Plaintiff is entitled to judgment as a matter of law against Mr. Truesdail.

It is undisputed that RCI executed the Agreement with BHB for the purchase of the Equipment. Further, RCI defaulted on the Agreement. There is no dispute that Mr. Truesdail executed the Guaranty agreeing to pay all amounts due under the agreement and that he failed to

pay the defaulted amount after RCI failed to pay.  Finally, there is no dispute that the amount due and owing is $368,882.66, plus Plaintiff's attorneys' fees, legal expenses and other costs.  Upon the sale of the Equipment, the proceeds will be applied toward the balance owed.  The Clerk is directed to close the case.

    IT IS SO ORDERED this 19th day of September, 2023.

                                                  _____
                                                  James M. Moody Jr.
                                                  United States District Judge